IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
**Richmond Division**

DONALD KIDD, )
)
Plaintiff, )
)
v. ) Civil Action No. 3:10CV69–HEH
)
TA OPERATING, LLC, D/B/A )
TRAVELCENTERS OF AMERICA, )
)
Defendant. )

**MEMORANDUM OPINION**
**(Denying Motion to Remand and Granting Motion to Dismiss)**

This is a Title VII employment discrimination action. The case is before the

Court on Plaintiff's Motion to Remand and Defendant's Motion to Dismiss pursuant to

Rule 12(b)(6) of the Federal Rules of Civil Procedure. Both parties have filed

memoranda in support of their respective positions. The Court will dispense with oral

argument because the facts and legal contentions are adequately presented in the

materials presently before the Court and argument would not aid in the decisional

process. For the reasons stated herein, Plaintiff's Motion to Remand is denied and

Defendant's Motion to Dismiss is granted.

**I.**

Plaintiff Donald Kidd, a citizen of Virginia, was hired by Defendant TA

Operating LLC in 2004 and was discharged on January 30, 2009. Plaintiff brought

suit against Defendant in the Circuit Court for Hanover County alleging employment

discrimination and defamation. Defendant removed the case to this Court on February 2, 2010.

Plaintiff alleges that he was terminated in retaliation for pursuing a legal action unrelated to the immediate case against the Defendant. Plaintiff further alleges that current and former employees of TA Operating LLC conspired to create the appearance that Plaintiff was sexually harassing a co-worker. Plaintiff alleges that they did so in order to create a pretense for Plaintiff's dismissal. Plaintiff also claims that the company defamed him and subjected him to disparate treatment. He asks for compensatory damages of $100,000 and punitive damages of $200,000.

Plaintiff filed a motion to remand the case to Hanover County Circuit Court. Defendant filed a Motion to Dismiss for Failure to State a Claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

As a preliminary matter, the Court is mindful that "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . . ." *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S. Ct. 285, 292 (1976).

## II.

The Court will first address the jurisdictional issues. Plaintiff filed a motion to remand the case back to state court. Defendant originally argued in its Notice of Removal that jurisdiction in this court was proper based on federal question jurisdiction (28 U.S.C. § 1331) and diversity of citizenship (28 U.S.C. § 1332).

Plaintiff then argued in his motion to remand that his suit was based on purely state causes of action under Virginia law. Defendant responded that jurisdiction is nevertheless proper under diversity of citizenship.

A defendant seeking removal bears the burden of demonstrating that jurisdiction is proper. *See Strawn v. AT&T Mobility LLC*, 530 F.3d 293, 296-97 (4th Cir. 2008). Defendant is a limited liability company (LLC) organized under Delaware law.[1] For purposes of establishing diversity, an LLC is assigned the citizenship of its members. *Gen. Tech. Applications*, 388 F.3d at 120. Defendant TA Operating LLC's only member is TravelCenters of America Holding Company LLC. Aff. of Mark Young ¶ 3. TravelCenters of America Holding Company LLC's only member is TravelCenters of America LLC. *Id.* ¶ 4. TravelCenters of America LLC is a publicly-traded company. *Id.* Therefore, the citizenship of TA Operating LLC is the same as TravelCenters of America Holding Company LLC, which is, in turn, the same as the citizenship of TravelCenters of America LLC. Defendant has failed, however, to provide any information on the citizenship of the members of TravelCenters of America LLC. The Court is therefore unable to determine Defendant's citizenship for diversity purposes, and Defendant has failed to meet its burden of demonstrating that diversity jurisdiction applies.

---

[1]Though Defendant states on multiple occasions that it is "incorporated in Delaware," an LLC is not a corporation and is not "incorporated." *Gen. Tech. Applications, Inc. v. Exro Ltda*, 388 F.3d 114, 121 (4th Cir. 2004); *Black's Law Dictionary* 781 (8th ed. 2004) (defining "incorporate" as "To form a legal corporation"). *Compare* Del. Code Ann tit. 8, § 101 (corporations), *with* Del. Code Ann. tit. 6, § 18-201 (LLCs).

The Court will next turn to the question of whether jurisdiction exists based on a federal question under 28 U.S.C. § 1331.  Although, Plaintiff argues that he brings only state-law claims, the Court must independently analyze the jurisdictional underpinnings by reviewing the allegations in the complaint.  *Burgess v. Charlottesville Sav. & Loan Ass'n*, 477 F.2d 40, 43 (4th Cir. 1973).  The complaint originally filed in state court inartfully lays out the statutory basis for Plaintiff's claim.  The complaint, however, refers to a "Notice of Right to Sue" from the U.S. Equal Employment Opportunity Commission (EEOC).  Attached to the complaint is a copy of the Notice and the Charge of Discrimination originally filed by Plaintiff, both of which bear the same Charge Number, 438-2009-00754.  The Court will consider these two documents as part of the complaint.  *See* Fed. R. Civ. Pro. 10(c).  In his Charge of Discrimination, Plaintiff states, "I believe I was discharged in retaliation for filing a charge with the EEOC and subsequently filing the case in court, in violation of section 704 (a) of Title VII of the Civil Rights Act of 1964, as amended."  This statement asserts a cause of action "arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1332.  Accordingly, the Court finds that jurisdiction is proper based on the existence of a federal question.  The Court additionally finds that Plaintiff's state law defamation claim is "part of the same case or controversy" as Plaintiff's Title VII claims, assuming that the Title VII claims survive Defendant's Rule 12(b)(6) challenge, exercise of supplemental jurisdiction would be appropriate under 28 U.S.C. § 1367.

## III.

The Court will now shift its attention to Defendant's motion to dismiss for failure to state a claim.

### A. Standard

Rule 8 of the Federal Rules of Civil Procedure provides that "a pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Traditionally, "[a] motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; . . . it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), amplified the standard, noting that, to survive a motion to dismiss, a complaint must contain sufficient factual information to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. While it does not require "detailed factual allegations," *Twombly* held that Rule 8 of the Federal Rules of Civil Procedure does demand that a plaintiff provide more than mere labels and conclusions stating that the plaintiff is entitled to relief. *Id.* at 555. Thus, a complaint containing facts that are "merely consistent with" a defendant's liability "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* at 557. Rather, a complaint achieves facial plausibility when it contains sufficient factual allegations supporting the reasonable

inference that the defendant is liable for the misconduct alleged. *Id.* at 556; *see also*

*Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009).

As Judge Niemeyer noted in *Francis v. Giacomelli,* 588 F.3d 186 (4th Cir.

2009), this analysis is context-specific and requires the "reviewing court to draw on its

judicial experience and common sense." *Id.* at 193. The court also noted in

*Giacomelli* that "naked assertions of wrongdoing necessitate some factual

enhancement within the complaint to cross the line between possibility and plausibility

of entitlement to relief." *Id.* (internal quotation marks omitted).

## B. Analysis

To establish a prima facie case of retaliation, Plaintiff must demonstrate that he

engaged in a protected act, that Defendant took an adverse employment action against

him, and that there is a causal connection between the act and the adverse action. *See*

*Price v. Thompson,* 380 F.3d 209, 212 (4th Cir. 2004). As to the first element,

Plaintiff states repeatedly that he "engaged in protected activity" and had "protected

status" for court action against the company. The only additional information is

contained in the form filed with the EEOC, verifying that he filed a prior EEOC

charge. He does not however provide any details about this prior case that would give

the Court a basis for concluding that he was engaged in protected activity. "[T]he

tenet that a court must accept as true all of the allegations contained in a complaint is

inapplicable to legal conclusions. . . . [A court is] not bound to accept as true a legal

conclusion couched as a factual allegation." *Iqbal*, 129 S. Ct. at 1949-50. The Court

finds that Plaintiff's statement that he was "engaged in protected activity" is a legal

conclusion, and this Court is not bound to accept this bare assertion as true. There are

no other facts to support this essential element of a retaliation claim, and Plaintiff thus

fails to state an actionable claim of retaliation.

To sufficiently plead an actionable claim of disparate treatment, the Plaintiff

must state facts demonstrating that: (1) he is a member of a protected class; (2) he has

satisfactory job performance; (3) he was subjected to adverse employment action; and

(4) similarly situated employees outside his class received more favorable treatment.

*See Holland v. Washington Homes, Inc.*, 487 F.3d 208, 214 (4th Cir. 2007), *cert.*

*denied*, 128 S. Ct. 955 (2008). The Complaint falls short on several fronts. First,

Plaintiff fails to plead any facts to support his legal conclusions that he is a member of

a protected class or the required element that he performed his job satisfactorily.

Second, he fails to plead any facts to demonstrate that other similarly situated

employees outside his class received more favorable treatment.[2] Accordingly, the

Court finds that Plaintiff has failed to sufficiently state a claim of disparate treatment.

Plaintiff's final claim is for defamation. "Good pleading requires that the exact

words spoken or written must be set out in the declaration *in haec verba*." *Fed. Land*

---

[2]Plaintiff states that "there are other protected class member [sic] that was [sic] not
subjected to this disparate treatment." His failure is not his technical misstatement of the
standard, as the Court holds a *pro se* litigant to less stringent standards. Instead, the Court finds
he fails to state a claim based on his lack of any factual allegations to support this claim.

*Bank of Baltimore v. Birchfield*, 173 Va. 200, 3 S.E.2d 405, 410 (1939). Plaintiff fails

to provide the words allegedly spoken by Defendant's agent. In fact, the Complaint

does not even include a general summary of the purportedly offensive language.

Plaintiff has thus failed to plead an actionable cause of action for defamation.

Accordingly, Defendant's motion to dismiss for failure to state a claim is

granted as to the Title VII claims and the defamation claim.[3]

An appropriate Order will accompany this Memorandum Opinion.

/s/

Henry E. Hudson
United States District Judge

Date: _____
Richmond, VA

---

[3]From a plain reading of the Complaint and the absence of any reference to state law, the Court has concluded that Plaintiff's employment claims flow from Title VII. Plaintiff now argues to the contrary without persuasive basis. Because the Court's construction of the employment claims are integral to its federal question jurisdiction, it does not reach the issue of their sufficiency under state law.